## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| TREO SALON, INC.,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | Case No.  3:20-cv-1155 |
| v.  ) | |
| ) | |
| WEST BEND MUTUAL INSURANCE  ) | **JURY TRIAL DEMANDED** |
| COMPANY,  ) | |
| ) | |
| Defendant.  ) | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, West Bend Mutual Insurance Company ("West Bend"), hereby removes this action from the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, where it is pending as Case No. 2020-L-001399, to the United States District Court for the Southern District of Illinois.

In support of this notice, West Bend states that, under 28 U.S.C. § 1332, this Court has original jurisdiction over this action for two reasons. First, because there is complete diversity of citizenship between Plaintiff, Treo Salon, Inc. ("Plaintiff" or "Treo Salon"), and West Bend, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction under § 1332(a). Second, under § 1332(d), because this is a putative class action involving over 100 putative class members and a class-wide amount in controversy of over $5 million, this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). Either or both of these reasons provides for jurisdiction in this Court. Thus, West Bend respectfully files this Notice of Removal.

## I.  BACKGROUND

1. On October 2, 2020, Plaintiff filed a Class Action Complaint (the "Complaint") against West Bend in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, captioned *Treo Salon, Inc. v. West Bend Mutual Insurance Company*, Case No. 20-L-001399.

2. Plaintiff alleges it operates a hair salon. Compl., ¶ 15.

3. Plaintiff's allegations against West Bend arise out of a policy of insurance (the "Policy") that West Bend issued to Plaintiff. Compl., ¶ 1.

4. The Policy contains a provision entitled "Communicable Disease Business Income and Extra Expense Coverage" (the "Communicable Disease coverage"). Compl., ¶¶ 2, 13.

5. Plaintiff alleges that "[b]eginning in March 2020, Plaintiff and other insureds … who also had [the Communicable Disease coverage] began experiencing … substantial losses as a result of federal, state, and local governmental orders requiring non-essential businesses to cease operations as a result of the presence and spread of COVID-19." Compl., ¶ 4.

6. Plaintiff alleges its losses and the losses of putative class members incurred as a result of certain Illinois Executive Orders are covered under the Communicable Disease coverage. *See* Compl., Count I, ¶ 93.

7. In referring to Plaintiff's allegations as to damages and the potentially implicated Executive Orders, West Bend does not admit or concede that Plaintiff or any putative class members are entitled to any relief.

## II.  THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

8. Removal is proper in this case because this Court has original jurisdiction under 28 U.S.C. § 1332(a), *i.e.*, diversity jurisdiction. This Court has diversity jurisdiction because (1) this

action is between citizens of different states, and (2) there is at least $75,000 in controversy, exclusive of interest and costs.

  **A.** **There Is Complete Diversity of Citizenship Between Treo Salon and West Bend.**

  9. Plaintiff alleges it is an Illinois corporation with its principal place of business in Edwardsville, Illinois. Compl., ¶ 7.

  10. West Bend was at the time this action was commenced, and still is, a citizen of Wisconsin because it is a Wisconsin mutual company with its principal place of business in West Bend, Wisconsin. Compl., ¶ 8. *See* 28 U.S.C. 1332(c); *see also Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("[a] corporation is a citizen of any state in which it is incorporated, and the state where it has its principal place of business."); *Jackson v. American Coal Co.*, CIV05-4166-JLF, 2006 WL 181682, at *2-3 (S.D. Ill. Jan. 23, 2006) (denying remand where defendant met its burden of showing that it was a citizen of the state of its incorporation and principal place of business).

  11. Because Plaintiff is of different citizenship than Defendant, there is diversity of citizenship in this action proper for removal pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction exists between "citizens of different States").

  **B.** **The Amount in Controversy Exceeds the $75,000 Jurisdictional Threshold.**

  12. The amount-in-controversy prong under 28 U.S.C. § 1332(a) requires the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.

  13. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

14. In an action seeking declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). When determining the amount in controversy for removal purposes, the question is not what Plaintiff *will* recover; the question is how much Plaintiff *seeks* to recover. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties. A removing defendant need not confess liability in order to show that the controversy exceeds the threshold.") (emphasis in original) (internal quotation marks omitted). Moreover, in estimating the amount in controversy, the removing party can rely on a good-faith estimate of the stakes. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (satisfying the amount in controversy requirement is "easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims.").

15. Though Plaintiff does not expressly quantify its alleged damages, a full and fair reading of the Complaint demonstrates the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. Plaintiff alleges that it experienced "substantial losses as a result of federal, state, and local governmental orders requiring non-essential businesses to cease operations as a result of the presence and spread of COVID-19." Compl., ¶ 4.

17. Plaintiff seeks a declaration that it is entitled to recover under the Communicable Disease coverage for losses due to certain Illinois Executive Orders and "any substantially similar orders that cause the shutdown of [its] business[] into [sic] the future." Compl., Count I, ¶ 93. The Communicable Disease coverage has a per policy period limit of $100,000. Compl., ¶ 13.

18. Plaintiff's allegations of "substantial losses", its request for a declaration that losses due to certain Executive Orders and "any substantially similar orders" in the future are covered under the Policy, and the fact that Plaintiff alleges entitlement to Communicable Disease coverage, which has a per policy period limit of over $75,000, taken together, support the conclusion that the amount in controversy plausibly exceeds $75,000. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

19. Of course, in referring to Plaintiff's alleged damages, the Illinois Executive Orders, and the Communicable Disease coverage's per policy period limits, West Bend does not concede Plaintiff is entitled to any relief. Nor does West Bend concede that, even if Plaintiff is entitled to some relief, Plaintiff is entitled to recover the full per policy period limit of coverage. But the amount in controversy between Treo Salon and West Bend satisfies the requirements for traditional diversity jurisdiction. *See Sabrina Roppo*, 869 F.3d at 579.

## III. THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

20. Pursuant to 28 U.S.C. §1332(d), removal is proper under CAFA, because United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, inclusive of interest and costs. *See* 28 U.S.C. §1332(d). Here, all three of the CAFA prerequisites are satisfied.

### A. The Putative Classes Exceeds 100 Members.

21. This class action involves putative classes of more than 100 members.

22. Plaintiff brought this action on behalf of itself and the following purported classes of "similarly situated Illinois businesses":

- Class 1-All Illinois businesses deemed non-essential by State of Illinois Executive Orders 2020-10, 2020-18, and 2020-32 that: (a) had Communicable Disease Business Income and Extra Expense coverage under an insurance policy issued by West Bend; (b) made a claim or attempted to make a claim under their insurance policy issued by West Bend; and (c) were actually or constructively denied coverage by West Bend despite their efforts to minimize the suspension of business caused by COVID-19 ("Communicable Disease Business Income and Extra Expense Breach Class").

- Class 2-All Illinois businesses deemed non-essential by State of Illinois Executive Order 2020-10, 2020-18, and 2020-32 with Communicable Disease Business Income and Extra Expense coverage under an insurance policy issued by West Bend ("Communicable Disease Business Income and Extra Expense Declaratory Judgment Class").

Compl., ¶ 80. Plaintiff alleges "there are hundreds to thousands (and maybe more) members of the Classes." Compl., ¶ 82.

23. Therefore, the putative classes are comprised of at least 100 members as required under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

**B.    Minimal Diversity Exists.**

24. As noted, Plaintiff alleges it is an Illinois corporation with its principal place of business in Edwardsville, Illinois. Compl., ¶ 7.

25. West Bend was at the time this action was commenced, and still is, a citizen of Wisconsin because it is a Wisconsin mutual company with its principal place of business in West Bend, Wisconsin. Compl., ¶ 8.

26. Because Treo Salon and West Bend are citizens of different states, there is at least minimal diversity among the parties to this case as required under CAFA for original jurisdiction in this Court. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount in Controversy Exceeds the Jurisdictional Threshold.

27. The amount in controversy in this case exceeds $5 million, inclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *Appert v. Morgan Stanley Dean Whitter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012).

28. In removing a case under CAFA, the removing party need only supply a "good-faith estimate" of the amount in controversy that is "plausible and adequately supported by the evidence ..." *Blomberg v. Serv. Corp. Int'l,* 639 F.3d 761, 763-64 (7th Cir. 2011).

29. Plaintiff alleges that it, and other insureds who were issued Communicable Disease coverage, experienced "substantial losses as a result of federal, state, and local governmental orders requiring non-essential businesses to cease operations as a result of the presence and spread of COVID-19." Compl., ¶ 4.

30. Plaintiff alleges that it and putative class members are entitled to Communicable Disease coverage based upon certain Illinois Executive Orders and "any substantially similar orders that cause the shutdown of their businesses into [sic] the future." Compl., Count I, ¶ 93.

31. Plaintiff seeks a declaration that its alleged losses and putative class members' alleged losses are covered under the Communicable Disease coverage, which has a per policy period limit of $100,000. Compl., ¶¶ 13, 93. As noted, Plaintiff alleges "there are hundreds to thousands (and maybe more) members of the Classes." Compl., ¶ 82. But, even if the putative class were comprised of only 100 members, the amount-in-controversy requirement would be met (100 x $100,000 = $10,000,000).

32. West Bend does not concede Plaintiff or any putative class member is entitled to damages. Nor does West Bend concede that, even if Plaintiff or any putative class member is entitled to some relief, Plaintiff or any putative class member is entitled to recover the full per

policy period limit of coverage. But the claimed damages exceed the $5 million threshold for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(2).

**IV.   ALL PROCEDURAL REQUIREMENTS ARE MET**

33.   The United States District Court for the Southern District of Illinois, East St. Louis Division, is the appropriate venue for removal of Plaintiff's state court action pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the district courts of the United States have original jurisdiction to be removed to the district court of the United States for the district and division embracing the place where the state court action is pending. This action was originally filed in the Third Judicial Circuit, Madison County, Illinois, making venue in this federal judicial district and division proper. 28 U.S.C. § 93(c); 28 U.S.C.§ 1441(a).

34.   This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within 30 days of the filing of Plaintiff's Complaint, and within one year of the commencement of the Action.

35.   Pursuant to 28 U.S.C. §1446(a), West Bend attaches to this notice the Complaint and other filings in the Circuit Court that constitute all "process, pleadings, and orders" served to date on West Bend. *See* Ex. A hereto.

36.   Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiff through its counsel, and to the Clerk of Court of Madison County, Illinois.

37.   West Bend submits this notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary relief whatsoever (or that the damages it seeks may be properly sought).

WHEREFORE, West Bend respectfully removes this action now pending in the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois.

Date: October 30, 2020                                     Respectfully submitted,

/s/ *Scott J. Helfand*
Scott J. Helfand
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
Phone: (312) 655-1500
Facsimile: (312) 655-1501
Email: scott.helfand@huschblackwell.com

*Attorneys for Defendant West Bend Mutual Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 30, 2020, the foregoing was served via e-mail upon the following counsel of record:

SIMMONS HANLY CONROY
Ted N. Gianaris, IL SBN 6237156
G. Michael Stewart, IL SBN 6230339
One Court Street
Alton, Illinois 62002
Phone: 618-259-2222
Fax: 618-259-2251
Email: tgianaris@simmonsfirm.com
          mstewart@simmonsfirm.com

*Attorneys for Plaintiff*

                                                  /s/ *Scott J. Helfand*